E-filing

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name ___JOHNSON_____    ___DAVID_____    _____M_____
        (Last)                       (First)                 (Initial)

Prisoner Number ____F14753_____

Institutional Address __300 Prison Road, Represa CA 95671_____

---

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**(PR)**

DAVID M. JOHNSON
_____
Full Name of Petitioner

Case No.(To be provided by the
clerk of court)

      vs.

JAMES E. TILTON, SECRETARY, CDCR   PETITION FOR A WRIT OF HABEAS CORPUS
_____
Name of Respondent
(Warden or jailor)

---

## Read Comments Carefully Before Filling In

### When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

petition will likely be transferred to the district court for the district that includes the institution where you are confined.  Habeas L.R. 2254-3(b).

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

## A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1.  What sentence are you challenging in this petition?
    11 year prison sentence
    (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

| Sonoma County Superior Court | Santa Rosa   CA |
|---|---|
| Court | Location |

(b)  Case number, if known  SCR-472541
(c)  Date and terms of sentence Feb. 9, 2006 -- 11 years state prison
(d)  Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes x  No

| Where? Folsom State Prison | 300 Prison Road, Represa   CA   95671 |
|---|---|
| (Name of Institution) | (Address) |

2.  For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)
PC 207(a) with personal infliction of great bodily injury (PC 12022.7(a); PC 273.5(a)) with prior conviction and infliction of great bodily injury,

PC 245(a)(1) assault with deadly weapon with personal infliction of great bodily  injury; PC 422 with prior conviction and infliction

of great bodily injury.

3.  Did you have any of the following?

Arraignment: Yes x No __  Preliminary Hearing: Yes x No __Motion to Suppress: Yes __ No x

3

4.    How did you plead?

Guilty _____    Not Guilty ___✓___    Nolo Contendere _____

Any other plea (specify) _____

5.    If you went to trial, what kind of trial did you have?

Jury __✓__    Judge alone _____    Judge alone on a transcript _____

6.    Did you testify at your trial?  Yes __  No ✓

7.    Did you have an attorney at the following proceedings:

(a)    Arraignment  Yes ✓           No __
(b)    Preliminary hearing          Yes ✓.          No __
(c)    Time of plea  Yes ✓          No.
(d)    Trial  Yes ✓          No __
(e)    Sentencing  Yes ✓          No __
(f)    Appeal          Yes ✓          No
(g)    Other post-conviction proceeding     Yes __          No ✓

8.    Did you appeal your conviction?   Yes ✓  No __

(a)    If you did, to what court(s) did you appeal?

| | | | |
|---|---|---|---|
| Court of Appeal | Yes ✓ | No __ | 2007 affirmed but sentence reduced by 3 yrs |
| | | | (Year)                          (Result) |
| Supreme Court of California | Yes ✓ | No __ | People's ptn granted, sentence reduction set aside |
| | | | (Year)                          (Result) |
| Any other court | Yes __ | No ✓. | |
| | | | (Year)                          (Result) |

(b)    If you appealed, were the grounds the same as those that you are raising in this petition?                                      Yes ✓  No __

(c)    Was there an opinion?          Yes ✓  No.

(d)    Did you seek permission to file a late appeal under Rule 31(a)?
                                            Yes.          No ✓

4

If you did, give the name of the court and the result:

_____

     9.     Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?     Yes     No ✓

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

        (a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.     Name of Court _____

      Type of Proceeding _____

      Grounds raised (Be brief but specific):

      a.    _____

      b.    _____

      c.    _____

      d.    _____

      Result _____ Date of Result _____

II.    Name of Court _____

      Type of Proceeding _____

      Grounds raised (Be brief but specific):

      a.    _____

      b.    _____

      c.    _____

      d.    _____

      Result _____ Date of Result _____

III.   Name of Court _____

Type of Proceeding _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____ Date of Result _____

      (b)    Is any petition, appeal or other post-conviction proceeding now pending in any

court?    Yes ___ No ͯ˟

_____

(Name and location of court)

## B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need more space. Answer the same questions for each claim.

Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. § 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One: _____See attached sheet_____

7

Supporting Facts: ___See attached sheet_____

_____

_____

Claim Two: _____See attached sheet_____

Supporting Facts: ___See attached sheet_____

_____

_____

Claim Three: _____

Supporting Facts: _____

_____

_____

If any of these grounds was not previously presented to any other court, state briefly which
grounds were not presented and why:

_____

_____

_____

8

ATTACHMENT TO PAGES 7 AND 8

CLAIM ONE

Denial of jury trial as to factors actually used by judge to impose upper term sentences
(*Cunningham v. California* (2007) 549 U.S. ___ (127 S.Ct 856))

CLAIM ONE SUPPORTING FACTS

Court imposed upper terms based on "particular cruelty" of attack, and defendant's
knowledge of wife's physical condition. Court also mentioned prior prison term and prior
grants of probation and parole. Based on these latter facts, California Supreme Court
ordered reconsideration under *People v. Black* (2007) 41 Cal.4th 799, and Court of Appeal
set aside its prior reversal of upper-term sentences.

CLAIM TWO

The jury instruction given in this case as to withdrawal of consent to kidnapping denied
appellant due process of law because it did not require the People to prove beyond a
reasonable doubt that consent was withdrawn and placed burden of proof on defendant (see
*Apprendi v. New Jersey* (2000) 530 U.S. 466; *United States v. Gaudin* (1995) 515 U.S. 506;
*Sullivan v. Louisiana* (1993) 508 U.S. 275; *Sandstrom v. Montana* (1979) 442 U.S. 510. By
lessening burden of proof, due process and right to jury trial are denied (*Carella v.
California* (1989) 491 U.S. 263; *Francis v. Franklin* (1985) 471 US 307; *County Court of
Ulster County v. Allen* (1979) 442 US 140; jury probably so interpreted the instruction
(*Estelle v. McGuire* (1991) 502 US 62).

CLAIM TWO SUPPORTING FACTS

In this case, the "kidnapping" had its origin in defendant's wife's voluntary decision to drive
in her car with appellant as a passenger; the prosecution contended that this initial consent
was withdrawn as a result of defendant's threats and physical attack. Yet the evidence was
doubtful that this withdrawal of consent was ever communicated to defendant. Ultimately,
she drove home with appellant in the car, and home was exactly where she wished to drive.

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

See attached sheet

Do you have an attorney for this petition?    Yes __ No _x_

If you do, give the name and address of your attorney:

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on _3-15-08_          _David M Johnson_
             Date                    Signature of Petitioner

( rev. 5/96)

9

## ATTACHMENT TO PAGE 9

The first issue is presented in almost every case involving People v. Black (Black II). The second issue is factually similar to In re John Z (2003) 29 Cal.4th 756, where California Supreme Court held that withdrawal of consent to sexual intercourse only becomes rape if the withdrawal is communicated to the male partner. The same standard should apply where a kidnapping is based on movement that initially is with the consent of the alleged victim -- withdrawal of consent must be communicated, but jury instructions here did not require that.

DAVID W. Johnson
F14753
Folsom State Prison
P.O. Box 950
Folsom Ca. 95763

Legal Mail

Clerk of the United States
District Court for the Northern District of California
450 Golden Gate avenue
Box 36060,
San Francisco, Ca.
94102

PRISON GENERATED MAIL
FOLSOM STATE PRISON
PO BOX 715071
REPRESA CA 95671





UNITED STATES POSTAGE
$ 01.170
PITNEY BOWES
02 1M
000421.9402
MAY 20 2008
MAILED FROM ZIP CODE 95672